Albert W. DAVIS, Rita Davis, Betty Mills, and Edwin N. Mills, Petitioners,

v.

ZONING BOARD OF ADJUSTMENT OF the CITY OF LA PORTE, Respondent.

No. D–3831.

Supreme Court of Texas.

Nov. 24, 1993.

Jack G. Carnegie, Jack E. Urquhart, Houston, for petitioners.

---

**942**

John D. Armstrong, La Porte, Victor N. Makris, Houston, for respondent.

PER CURIAM.

In this cause, we consider whether a trial court abused its discretion in dismissing a zoning board appeal. The court of appeals held that service of the writ of certiorari, as required by section 211.011 of the Texas Local Government Code, is a jurisdictional prerequisite to appeal a zoning board's decision, and therefore upheld the trial court's dismissal of the Petitioners' case. 853 S.W.2d 650. We disagree, and therefore reverse.

Albert Davis and others (the "Davises") sought judicial review of a decision made by the Zoning Board of Adjustment of the City of La Porte (the "Board") allowing David and Debbie Couch to construct a large building on a residential lot. After reviewing the Davises' petition, the court ordered the court clerk, upon the posting of a $100 bond, to issue a writ of certiorari to the Board. The bond was not posted, and the writ was not served.

Eleven days before trial, the Board filed a plea in abatement complaining that it had not been served with the writ of certiorari. The Board did not seek dismissal for want of prosecution; nor did it attempt to establish that it had suffered any prejudice. The trial court granted the Board's plea in abatement and allowed the Davises thirty days to file an amended complaint. In a hearing conducted as the result of the Davises' amended complaint, the trial court dismissed the Davises' appeal. The court of appeals affirmed, reasoning that the Davises "did not timely invoke the jurisdiction of the court." 853 S.W.2d at 653.

Jurisdictional power is defined as "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985). Once a party files a petition within ten (10) days after a zoning board decision, the court has subject matter jurisdiction to hear and determine a claim that a board of adjustment acted illegally. *See* Tex.Loc.Gov't Code § 211.011.[1] The writ of certiorari is the method by which the court conducts its review; its purpose is to require a zoning board of adjustment to forward to the court the record of the particular zoning decision being challenged.[2] *See* Tex. R.App.P. 54 (filing of a record is not jurisdictional); *Hare v. Hare,* 786 S.W.2d 747, 748 (Tex.App.—Houston [1st Dist.] 1990, no writ) (filing a bond is jurisdictional but service of a bond is not).[3]

The statute does not contain a specific time limit for issuance of the writ; nor has the Board shown any prejudice caused by the delay. Thus, having complied with the procedures established by the legislature for challenging board of adjustment decisions, the Davises are entitled to their day in court. *See Scott v. Board of Adjustment,* 405 S.W.2d 55, 56 (Tex.1966). Accordingly, we conclude that the trial court abused its discretion in dismissing the Davises' appeal for lack of jurisdiction. We therefore grant Petitioner's application for writ of error and pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to the trial court for further proceedings.

---

1. "[A] petition must be filed within 10 days after the [board's] decision is filed in the board's office ... On the presentation of the petition, the court may grant a writ of certiorari directed to the board to review the board's decision." Tex. Loc.Gov't Code § 211.011(b), (c).

2. The jurisdiction of district courts to issue writs is derived from the Texas Constitution. *See* Tex. Const. Art V, § 8.

3. We disapprove the opinion in *City of Lubbock v. Bownds,* 623 S.W.2d 752 (Tex.App.—Amarillo 1981, no writ) to the extent it holds that a trial court's jurisdiction under § 211.011 depends upon service and return of the writ of certiorari.