**Gene S. HAGOOD and Cyndal Porter, Appellants,**

**v.**

**CITY OF HOUSTON ZONING BOARD OF ADJUSTMENT, Appellee.**

No. 01–97–00172–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 5, 1998.

Gene Hagood, Alvin, for Appellants.

Robert Cambrice, John J. Hightower, Houston, for Appellee.

Before NUCHIA, MIRABAL and O'CONNOR, JJ.

## OPINION

NUCHIA, Justice.

This is an appeal from the district court's denial of a writ of certiorari in zoning board appeal. We dismiss for want of jurisdiction.

## BACKGROUND

The City of Houston Zoning Board ("the Board") granted a variance to David Weekley Homes, Inc., for a lot at 5354 Navarro, Houston, Texas. Hagood and Porter took exception to this variance and filed a petition for writ of certiorari on May 31, 1996. In response, the Board filed a motion to deny writ of certiorari which requested that the district court refuse to assert its jurisdiction. Porter and Hagood filed a response. The trial court, without granting an oral hearing, issued an order stating it had considered the petition, the Board's motion to deny, the evidence presented, the pleadings and other documents on file, and denied the petition for writ of certiorari. In a single point of error, Hagood and Porter argue that the trial court erred and abused its discretion in denying, on the merits, their petition for writ of certiorari.

## DISCUSSION

Apparently, the parties and district court have mistakenly assumed that the writ of certiorari in TEX. LOC. GOV'T CODE ANN § 211.011(c) (Vernon 1988) is a discretionary appeal and that the district court by denying the writ of certiorari was refusing to exercise its discretion to assert jurisdiction. These are incorrect assumptions.

■ Once a party files a petition within 10 days after a zoning board decision, the court has subject matter jurisdiction to hear and determine a claim that a board of adjustment acted illegally. TEX. LOC. GOV'T CODE ANN § 211.011 (Vernon 1988); *Davis v. Zoning Bd. of Adjustment*, 865 S.W.2d 941, 942 (Tex.1993). The *Davis* court held that where the appellants comply with the procedures established by the legislature for challenging board of adjustment decisions, they "are entitled to their day in court." *Davis*, 865 S.W.2d at 942. A writ of certiorari is the method by which the court conducts its review; its purpose is to require a zoning board of adjustment to forward to the court the record of the zoning decision being challenged, and has nothing to do with the court's jurisdiction. *Id.*

■ The granting of the writ itself is discretionary, because TEX. LOC. GOV'T CODE ANN § 211.011 (c) (Vernon 1988), provides that upon application, the district court "may" issue the writ. However, section 211.011(e) provides that evidence may also be submitted at a hearing on the appeal. Should the district court not issue the writ, then the appellants would have the burden of providing a sufficient record at the hearing to determine the illegality of the Board's decision. *Cf. Barry Nussbaum v. City of Dallas*, 948 S.W.2d 305, 307 (Tex.App.—Dallas 1996, no writ) (holding that under the similar TEX. LOC. GOV'T CODE ANN § 214.0012(a), where appellant failed to request writ of certiorari and no evidence existed in record, presumption was that sufficient evidence existed to uphold board's decision).

It does not appear to be an abuse of discretion for the district court to have denied the writ of certiorari. However, the denial of the writ does not end this case. TEX. LOC. GOV'T CODE ANN § 211.011(f) (Vernon 1988) prescribes the final decisions the trial court may reach: "The court may reverse or affirm, in whole or in part, or modify the decision that is appealed." *Id.*

■ Jurisdiction of this Court is vested only in cases where a final judgment has been rendered, or where a statute specifically authorizes an interlocutory appeal. *See Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *see, e.g.*, TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon 1997 & Supp.1998). Until the district court renders a final judgment which disposes of all parties and all issues pending, this Court lacks jurisdiction to review the merits of this case. *See, e.g., Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982); *Central Nat'l Ins. Co. of Omaha v. Glover*, 856 S.W.2d 490, 492 (Tex. App.—Houston [1st Dist.] 1993, no writ).

Accordingly, we dismiss this appeal for want of jurisdiction.

MIRABAL, J., dissenting.

MIRABAL, Justice, dissenting.

What we have here is a failure to communicate.

Appellants tell us they are appealing a judgment on the merits. Appellee totally agrees. The majority, however, insists that the trial court did not rule on the merits—rather, according to the majority, the trial court refused to exercise jurisdiction over the case and never ruled on the merits.

What we also have here is "form" reigning victorious over "substance."

Appellants and appellee all say that the trial court affirmed the decision of the zoning board of adjustment. The majority, however, insists that the trial court, in *denying the writ of certiorari*, did not "reverse or affirm or modify the decision appealed" as prescribed for final decisions under section 211.011(f) of the Local Government Code. TEX. LOC. GOV'T.CODE ANN. § 211.011(f) (Vernon 1988). Therefore, the majority concludes that no final, appealable judgment has been rendered.

In my opinion, the trial court did exercise jurisdiction over the appeal; the trial court

considered and ruled on the merits of the appeal, affirming the zoning board of adjustment's decision; and the case is properly before us for review.

Accordingly, I dissent.

**Procedure**

An appeal from a decision of a zoning board of adjustment is governed by section 211.011 of the Local Government Code. TEX. LOC. GOV'T.CODE ANN. § 211.011 (Vernon 1988).[1] A writ of certiorari is the method by which a court conducts its review; its purpose is to require a zoning board of adjustment to forward to the court the record of the particular zoning decision being challenged. *Davis v. Zoning Bd. of Adjustment*, 865 S.W.2d 941, 942 (Tex.1993).

In the present case, it is uncontested that it was not necessary for the trial court to "grant a writ of certiorari directed to the zoning board of adjustment" because the board automatically filed in the trial court all of the records from the board of adjustment's proceedings, as well as a verified response that stated "pertinent and material facts that show the grounds of the decision under appeal." Thus, the zoning board of adjustment filed the "return" required by section 211.011(d) of the Local Government Code without a writ of certiorari first being grant-

---

1.  **211.011. Judicial Review of Board Decision**
    (a) Any of the following persons may present to a court of record a ·verified petition stating that the decision of the board of adjustment is illegal in whole or in part and specifying the grounds of the illegality:
    (1) a person aggrieved by a decision of the board;
    (2) a taxpayer; or
    (3) an officer, department, board, or bureau of the municipality.
    (b) The petition must be presented within 10 days after the date the decision is filed in the board's office.
    (c) On the presentation of the petition, the court may grant a writ of certiorari directed to the· board to review the board's decision. The writ must indicate the time by which the board's return must be made and served on the petitioner's attorney, which must be after 10 days and may be extended by the court. Granting of the writ does not stay the proceedings on the decision under appeal, but on application and after notice to the board the court may grant a restraining order if due cause is shown.

    (d) The board's return must be verified and must concisely state any pertinent and material facts that show the grounds of the decision under appeal. The board is not required to return the original documents on which the board acted but may return certified or sworn copies of the documents or parts of the documents as required by the writ.
    (e) If at the hearing the court determines that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take evidence as directed. The referee shall report the evidence to the court with the referee's findings of fact and conclusions of law. The referee's report constitutes a part of the proceedings on which the court shall make its decision.
    (f) The court may reverse or affirm, in whole or in part, or modify the decision that is appealed. Costs may not be assessed against the board unless the court determines that the board acted with gross negligence, in bad faith or with malice in making its decision.

ed and served on it. TEX. LOC. GOV'T CODE ANN. § 211.011(d) (Vernon 1988). Effectively, the zoning board of adjustment waived service, and the issues were joined for the trial court's consideration.

### The Pleadings

Appellants filed in the trial court a "Petition for Writ of Certiorari to Review Decision of Board of Adjustment." The petition states in part:

#### VII

Plaintiffs allege that the decision made by the Board of Adjustment of the City of Houston, Texas, is a clear abuse of discretion for the following reasons: The decision is illegal, arbitrary, unreasonable and capricious and would cause unnecessary hardship on plaintiffs and would materially reduce the value of plaintiffs' properties.

. . . .

#### IX

The decision of the Board of Adjustment is final. The Board erred in making its decision, and a new trial or hearing of such matter in this court should result in a judgment that the exception granted be reversed and denied.

WHEREFORE, PREMISES CONSIDERED, plaintiffs request that:

1. The Court order a writ of certiorari to issue herein to the Board of Adjustment of the City of Houston, Texas;
2. The cause be removed to this court;
3. The Defendant be cited to appear and answer herein;
4. A new trial of the cause be had herein;
5. The action of the Board of Adjustment granting the exception to the zoning ordinance be reversed.

. . . .

The zoning board of adjustment filed an original answer, and later filed "Defendant's Motion to Deny Writ of Certiorari." The motion sets out the factual background of the proceedings before the zoning board of adjustment, and then presents the following argument, in part:

Plaintiffs have filed their Petition for Writ Certiorari for this Court to review this decision of the Board.

. . . .

In order to prevail on a challenge by writ of certiorari, "The party attacking the order must present a *very clear showing* that the board abused its discretion." *Board of Adjustment of Dallas v. Patel*, 882 S.W.2d 87 (Tex.App.—Amarillo 1994, writ denied). The test for abuse of discretion is whether the Board of Adjustment acted arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Id.* at 89.

In the instant case, the guiding rules and principles followed by the Zone are set forth in the Regulations adopted by the Board of Directors of Reinvestment Zone Number 1. The evidence set forth in the Affidavit of David Hawes attached hereto as Exhibit 1, and the documents authenticated thereby, clearly establish that the Board acted in reliance upon the Regulations adopted by the Reinvestment Zone and that the Board acted within its discretion in approving the variance requested by David Weekley Homes. Finally, the evidence before the Board and before this Court, clearly supports the Board's granting of the variance in question. Therefore, the Board acted neither arbitrarily, unreasonably, or without reference to any guiding rules or principles. In addition, the house that is the subject of the variance has already been constructed.

### Conclusion and Prayer

Because the Board followed the required procedures and made the required findings before granting the variance to David Weekley Homes, the Board's actions were not illegal. In light of the evidence accompanying this Motion, this Court should decline to accept jurisdiction over this matter and deny Petitioner's Petition for Writ of Certiorari.

Attached to the zoning board of adjustment's motion are six exhibits and an affidavit, amounting to 91 pages of supporting evidence.

More than 30 days later, appellants filed "Plaintiffs' Response to the Defendant's Motion to Deny Writ of Certiorari." The 11-page response, with 33 pages of supporting documents and photos, contested the accuracy of the board of adjustment's recitation of the evidence, and submitted additional evidence to "show the defendant abused its discretion in allowing the variance." The response concluded with the prayer that "the Court grant the Plaintiffs' Application for Writ of Certiorari overruling the Board's granting of the variance."

Almost two months after the filing of the last pleading, the trial court signed an order that states in full:

> The Court, having considered petitioners' Petition for Writ of Certiorari and having reviewed the City of Houston Tax Increment Reinvestment Zone No. 1 Zoning Board of Adjustment's Motion to Deny Writ of Certiorari, *the evidence presented,* and the pleadings *and other documents on file with this Court,* finds that the Writ of Certiorari should not be granted. It is therefore,
>
> ORDERED that the Petition for Writ of Certiorari be DENIED.

(Emphasis added).

On appeal, appellants bring a sole point of error complaining that the trial court erred and abused its discretion in making its ruling because the merits of the case show appellants are entitled to have the board of adjustment's decision set aside. In its reply brief, the board of adjustment argues that the trial court ruled correctly because the decision by the board of adjustment was not an abuse of discretion, and thus, not illegal.

There is no complaint raised in this appeal about the "procedure" followed in the trial court, *i.e.,* we have no issue to decide regarding the submission of the case without oral argument; or the sufficiency of the record transmitted from the board of adjustment to the trial court; or the adequacy of notice at any point; or the adequacy of the amount of time to file pleadings and responses. The only issue the parties present to us is whether the trial court ruled correctly *on the merits,* considering all the evidence in the record.

I acknowledge that the parties used the wrong titles to describe what they were seeking in the trial court. But the record is crystal clear that when the trial court "denied" the "petition for writ of certiorari," it was denying the relief sought by appellants in their petition: the reversal of the board of adjustment's decision. The issue presented to the trial court for ruling by full briefing and presentation of evidence, and by the prayers for relief in the parties' pleadings, was whether the board of adjustment's decision was illegal.

We are to judge the character of a motion by its *substance* rather than its form or caption. *State Bar v. Heard,* 603 S.W.2d 829, 833 (Tex.1980); *Toubaniaris v. American Bureau of Shipping,* 916 S.W.2d 21, 23 (Tex.App.—Houston [1st Dist.] 1995, no writ). To determine the character of the motion, we look to the *substance of the plea for relief,* not merely at the title. *Toubaniaris,* 916 S.W.2d at 23. The majority has not followed these basic tenets in this case.

I would not dismiss this case for want of jurisdiction. We should reach the merits of the appeal.