NUMBERS 13-97-685-CV & 13-97-690-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI
___________________________________________________________________

TEXAS DEPARTMENT OF PUBLIC SAFETY,                         Appellant,

v.
 
CHERYL ANN BENOIT AND FERNANDO LUIS CORTEZ,        Appellees.
___________________________________________________________________

On appeal from the County Court of Calhoun County, Texas.
____________________________________________________________________

O P I N I O N

Before Justices Dorsey, Rodriguez, and Kennedy



Opinion by Justice Kennedy


         These cases were argued together on appeal and involve the same law and the
same fact situations. We grant appellees’ joint motion to consolidate their appeals.
         Each appellee was arrested for driving while intoxicated. Their drivers licenses
were suspended for failure to submit to a breath test to determine the presence and
amount of alcohol in the system of each of the appellees. Appellees requested
hearings on the suspensions


 and the hearings were held and the suspensions were
sustained by an administrative court. Appellees then filed an appeal with the county
court at law number one of Calhoun County, Texas.


 This appeal by the Texas
Department of Public Safety is from an order of the judge of the county court at law
which prohibited appellant from suspending the licenses.
         Appellant raises three issues on appeal to this court, the first of which questions
the jurisdiction of the county court at law to hear the appeal from the decision of the
administrative court. It argues that the failure of appellees to send a copy of their
petition by certified mail to the department and to the state office of administrative
hearings, as required by section 524.041(c) of the Texas Transportation Code,
deprives the county court at law of jurisdiction.
         Section 524.041 provides, in pertinent part:
Appeal From Administrative Hearing
 
(a)A person whose drivers license suspension is sustained may
appeal the decision by filing a petition not later than the thirtieth
day after the date the administrative law judge’s decision is final. 
The administrative law judge’s final decision is immediately
appealable without the requirement of a motion for rehearing.
 
(b)A petition under subsection (a) must be filed in a county court at
law in the county in which the person was arrested or, ...
 
(c)A person who files an appeal under this section shall send a copy
of the petition by certified mail to the department and to the state
office of administrative hearings at each agency’s headquarters in
Austin. The copy must be certified by the clerk of the court in
which the petition is filed.

         The record does not show that appellees served a certified copy of their
petitions for appeal on the state office of administrative hearings. Appellees concede
in their briefs that they did not serve such copies. Appellees argue that the above
quoted requirement is directory and not mandatory, that they made only a legal, and
not a factual challenge to the administrative decision, and that the requirement is not
jurisdictional.
         The right to an appeal in a license suspension proceeding does not exist in the
absence of a statutory authority since the entitlement to a drivers license is not a right,
but a privilege. Texas Dept. of Public Safety v. Quintero, 818 S.W.2d 149, 152 (Tex.
App.--Corpus Christi 1991, no writ). When a statute creates a right not existing at
common law and prescribes a remedy to enforce the right, the courts may act only in
the manner provided in the statute which created the right. Bullock v. Amoco
Production Co., 608 S.W.2d 899, 901 (Tex. 1980). Bullock reversed the court of
appeals and upheld the trial court’s dismissal for want of jurisdiction of a suit to
recover an alleged overpayment of franchise taxes. Bullock cited Appraisal Review
Board v. International Church of the Foursquare Gospel, 719 S.W.2d 161 (Tex. 1986)
and quoted from the language therein which said, “compliance with § 42.21 is
jurisdictional and the jurisdictional error of the trial court is apparent on the face of the
record.” This court has held that where an individual does not satisfy the requirements
of section 42.21 of the Tax Code


 the trial court did not have jurisdiction to entertain
a tax payer’s cause of action. Gibburd v. Moron, 972 S.W.2d 797, 800 (Tex. App.--Corpus Christi 1998, pet. denied).
         The case before us is distinguishable from Davis v Zoning Bd. of Adjustment,
865 S.W.2d 941 (Tex. 1993). In Davis, appellants appealed an adverse decision of
the Zoning Board of Adjustment of the city of La Porte which denied them the right
to build a large building on a residential lot. Within ten days of the Zoning Board’s
decision, appellants (Davis, et al) filed a petition in the district court seeking judicial
review of the decision. The court ordered its clerk to issue a writ of certiorari, the
purpose of which is to require the board to forward to the court the record of the
decision being challenged.


 The issuance of the writ was conditioned upon the filing
of a $100 bond by appellant. No bond was filed and no writ issued.
         The Texas Supreme Court held that the filing of the petition within ten days by
appellant conferred jurisdiction upon the district court. In the case before us appellee
did no more than mail copies of his appeal to opposing counsel.
         We hold that the county court at law was without jurisdiction to entertain the
appeal. We sustain the point raised in appellant’s first issue.
         Even if we were to hold that the county court at law had jurisdiction to hear
these appeals, we hold that the court erred in holding that the warning form did not
conform to the applicable statutes, as alleged in issue number three. Appellees’
argument to this Court, as it was also in the trial court, is that the form warning
administered to appellees failed to warn that the analysis must show that the level of
alcohol concentration is .10 or more at the time of driving. This argument is based
upon section 49.04(a) of the Penal Code which states, “a person commits an offense
if the person is intoxicated while operating a motor vehicle in a public place.”


 
(Emphasis added).
         The warnings given were the warnings set out by the legislature in enacting
section 724.015 of the transportation code,


 which states, in pertinent part:
Information provided by officer before requesting specimen
 
Before requesting a person to submit to the taking of a specimen, the
officer shall inform the person orally and in writing that:
 
         (1)     If the person refuses to submit to the taking of a specimen,
that refusal may be admissible in a subsequent prosecution;
 
         (2)     If the person refuses to submit to the taking of a specimen,
the person’s license to operate a motor vehicle will be
automatically suspended, whether or not the person is
subsequently prosecuted as a result of the arrest, for:
 
                  (A)    Not less than ninety days if the person is
twenty-one years of age or older; or
 
                  (B)     Not less than one hundred and twenty days if
the person is younger than twenty-one years
of age;
 
         (3)     If the person is twenty-one years of age or older and
submits to the taking of a specimen designated by the
officer and an analysis of the specimen shows the person
had an alcohol concentration of a level specified by chapter
49, Penal Code, the persons license to operate a motor
vehicle will be automatically suspended for not less than
sixty days, whether or not the person is subsequently
prosecuted as a result of the arrest;

         Appellees do not claim that the warning is unconstitutionally vague. In essence,
their argument is that the statute should have been worded differently. In the absence
of a constitutional challenge, we leave the wording of the warning to the discretion of
the legislature.
         We hold that the trial court erred in holding that the warning did not conform
to the applicable statutes and, therefore, appellees were not properly warned.
         We REVERSE the judgment of the county court at law and dismiss the appeal 

therein from the administrative hearing.

                                                               Noah Kennedy
                                                               Retired Justice

Publish.
Tex. R. App. P. 47.3.

Opinion delivered and filed
this 8th day of April, 1999.