# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00580-CV

**Marc Sewell, Appellant**

**v.**

**City of Llano, Brenton Lewis, Diane Firestone, Letitia McCasland, Marcy Methvin,
Todd Keller, Jeanne Puryear and Tom Milam, Appellees**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. 18504, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Marc Sewell filed a "Verified Petition" pursuant to Texas Local Government Code section 211.011 complaining of actions taken by the Llano City Planning and Zoning Commission and the Llano City Council. *See* Tex. Loc. Gov't Code § 211.011. Section 211.011 provides for judicial review of decisions of a board of adjustment.[1] *See id.* § 211.011(a). A person aggrieved by a decision of the board of adjustment may present a verified petition stating that the decision of the board of adjustment is illegal in whole or in part. *Id.* The court may grant a writ of certiorari directed to the board requiring it to file a verified return setting forth facts that show the ground of the decision being challenged. *Id.* § 211.011(c). In the present case, the district

---

[1] Texas Local Government Code section 211.008 provides that the governing body of a municipality may appoint a "board of adjustment," which it may authorize to, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of a zoning ordinance. *See* Tex. Loc. Gov't Code § 211.008(a).

court, without conducting a hearing on the merits of Sewell's claims, issued the following order: "After consideration of the Verified Petition for Judicial Review, it is hereby ordered that the Writ of Certiorari is denied." Sewell attempts to appeal from that order.

Appellees have filed a motion to dismiss the appeal, asserting that the order appealed from is not a final, appealable order. We agree. This Court has jurisdiction only in cases where a final judgment has been rendered or where a statute specifically authorizes an interlocutory appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* The trial court's denial of a writ of certiorari does not end a suit for judicial review brought pursuant to section 211.011. *See Hagood v. City of Houston Zoning Bd. of Adjustment*, 982 S.W.2d 17, 18 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("The denial of the writ does not end this case."). Subsection 211.011(e) provides that the trial court may take evidence or appoint a referee for that purpose, and subsection 211.011(f) states that "[t]he court may reverse or affirm, in whole or in part, or modify the decision that is appealed." *Id.* § 211.011(e), (f). In the present case, the trial court's one-sentence order does not constitute a ruling on the merits.

Moreover, while Sewell purports to bring a suit for judicial review pursuant to section 211.011, his petition actually asserts that the Llano City Zoning and Planning Commission and the Llano City Council violated certain local and state regulations related to the procedures to be followed when establishing zoning ordinances. Sewell requests that the court "rescind" the changes

2

made to the ordinances.[2] The trial court's order does not dispose of Sewell's complaints regarding the manner in which the ordinances were changed.[3]

The order denying a writ of certiorari does not dispose of all pending claims, and the district court has therefore not rendered a final, appealable judgment. Accordingly, we grant appellees' motion and dismiss this appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed: January 29, 2014

---

[2] We observe that because Sewell has not challenged actions taken by a board of adjustment, his claims are not governed by Texas Local Government Code section 211.011, which is limited to judicial review of decisions made by boards of adjustment. While Sewell's petition invokes a statute inapplicable to his claim, it is plain that he is challenging the procedures employed by the Llano City Planning Commission and the Llano City Council in amending certain zoning ordinances. Specifically, he alleges that "changes were made to zoning regulations without written notification to individual property owners," "no preliminary report describing the change was created prior to the Public Hearing," and "the requested change was not in compliance with the Comprehensive Plan."

[3] Sewell's petition also requests that the court impose "misdemeanor offense charges and fines [against the defendants] under Section 211.0012," which provides that a person commits a misdemeanor offense if he violates the zoning regulations contained in section 211 and may be subject to fines, imprisonment, and civil penalties. While this request was likewise not ruled on in the trial court's order, we express no opinion as to whether the court would have jurisdiction to consider Sewell's request for criminal charges or fines.