

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00447-CV

**ALPHA SECURITIES, LLC**,
Appellant

v.

**CITY OF FREDERICKSBURG**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 15377
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by:      Liza A. Rodriguez, Justice

Sitting:      Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 11, 2021

REVERSED AND REMANDED

Alpha Securities, LLC appeals a final judgment dismissing its claims against the City of Fredericksburg for lack of subject matter jurisdiction. Alpha Securities argues the trial court erred by granting the City's plea to the jurisdiction, delaying its ruling on the City's plea, and not providing Alpha Securities an opportunity to replead its claims. We reverse the trial court's judgment and remand with instructions.

## BACKGROUND

As an investment, Alpha Securities purchased real property in Fredericksburg's historical district. The property is located at the intersection of Austin Street and Milam Street. Alpha Securities remodeled a house on the property to convert the property from residential to commercial use. The house has two doors visible from the street; one door faces Austin Street, and the other door faces Milam Street.

Alpha Securities planned to expand the width of both doors from 30 inches to 36 inches and install glass doors. Alpha Securities received informal approval from the City's Historic Review Board (HRB) for its plans, and then sought a variance and formal approval.

After a hearing, the HRB approved Alpha Securities' plans as to the Austin Street door, but not as to the Milam Street door. As a result of the HRB's determination, Alpha Securities was unable to obtain a Certificate of Occupancy, which was necessary to obtain water and electrical services to the property. Alpha Securities appealed the HRB's determination to the City's Board of Adjustment (BOA), and the BOA denied relief.

Alpha Securities then sued the City. It alleged the City's ordinance governing the HRB's authority, Ordinance 27-007, is unconstitutional for violating various constitutional provisions. Alpha Securities sought declaratory relief and attorney's fees. The City filed a plea to the jurisdiction, arguing Alpha Securities failed to: (1) notify the Texas Attorney General of its challenge to the constitutionality of Ordinance 27-007; (2) allege a waiver of governmental immunity; (3) timely exhaust administrative remedies; and (4) allege facts showing the City violated Alpha Securities' constitutional rights. Alpha Securities filed a response and amended its pleadings. The trial court granted the City's plea to the jurisdiction and rendered a final judgment, and Alpha Securities timely appealed.

## APPLICABLE LAW & STANDARD OF REVIEW

Governmental immunity protects political subdivisions from suits and defeats a trial court's subject matter jurisdiction. *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 457 (Tex. 2020). As a challenge to the trial court's subject matter jurisdiction, governmental immunity is properly asserted by a plea to the jurisdiction. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). "A plea questioning the trial court's jurisdiction raises a question of law that we review *de novo.*" *Id.* "We focus first on the plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists." *Id.* "We construe the pleadings liberally, looking to the pleader's intent." *Id.* at 643. We take all factual assertions as true. *Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). "If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded the opportunity to replead." *Holland*, 221 S.W.3d at 643.

## TIMELINESS OF THE TRIAL COURT'S RULING

Alpha Securities argues the trial court failed to timely rule on the plea to the jurisdiction. Alpha Securities states it conducted discovery while the plea to the jurisdiction was pending, and the City's delay in seeking a ruling was prejudicial. We construe Alpha Securities' argument as asserting that the City waived its jurisdictional challenge and should have been estopped from seeking a ruling. Subject matter jurisdiction cannot be waived, and courts cannot acquire subject-matter jurisdiction by estoppel. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 331 (Tex. 2020); *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001). We therefore overrule this issue.

## TIMELINESS OF PETITION

In its plea, the City argued Alpha Securities affirmatively alleged facts showing that the original petition was not timely filed in the trial court. "A person aggrieved by a board of

adjustment's decision may seek judicial review by presenting a petition 'within 10 days after the date the decision is filed in the board's office.'" *Risoli v. Bd. of Adjustment of City of Wimberley*, No. 03-17-00385-CV, 2017 WL 4766724, at *1 (Tex. App.—Austin Oct. 20, 2017, no pet.) (mem. op.) (quoting TEX. LOC. GOV'T CODE § 211.011(b)). "Jurisdiction exists once a party files a petition within ten (10) days after a zoning board decision." *Id.* (cleaned up) (citing *Davis v. Zoning Bd. of Adjustment*, 865 S.W.2d 941, 942 (Tex. 1993) (per curiam)).

Alpha Securities' original petition was file-stamped on April 30, 2018. To determine whether the original petition was timely filed, we must determine whether April 30, 2018, was within 10 days after the BOA's decision was "filed in the board's office." *See* TEX. LOC. GOV'T CODE § 211.011(b). This period of time does not begin on the date of the BOA's decision; it begins on the date the BOA's decision "is filed in the board's office." *Id.*; *Risoli*, 2017 WL 4766724, at *1. Alpha Securities' pleadings do not establish the date when the BOA's decision was filed in the board's office. In its plea, the City alleged Alpha Securities filed suit eighteen days after the BOA decided Alpha Securities' appeal from the HRB's decision. However, the City presented no evidence with its plea to show when the BOA's decision was "filed in the board's office," and its allegations as to the date of the BOA's decision does not establish when the BOA's decision was "filed in the board's office." Because Alpha Securities' pleadings are insufficient to establish jurisdiction, but do not affirmatively demonstrate an incurable defect, the trial court erred by dismissing Alpha Securities' claims without providing it an opportunity to replead. *See Holland*, 221 S.W.3d at 643.

## GOVERNMENTAL IMMUNITY

The City also argued there is no waiver of governmental immunity as to Alpha Securities' claims. As per its Third Amended Original Petition, its live pleading, Alpha Securities' claims were that Ordinance 27-007 is unconstitutional because it constitutes a regulatory taking, is vague,

violates Alpha Securities' substantive due process rights, and fails to provide sufficient procedural due process. Alpha Securities sought declaratory relief.

Suits for declaratory relief are governed by Chapter 37 of the Texas Civil Practice & Remedies Code, also known as the Uniform Declaratory Judgments Act (UDJA). *See* TEX. CIV. PRAC. & REM. CODE § 37.002(a). The UDJA provides, "A person . . . whose rights, status, or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of . . . validity arising under the . . . ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). "The UDJA waives the immunity of a city if the plaintiff challenges the validity of an ordinance." *City of San Antonio v. Int'l Ass'n of Fire Fighters, Local 624*, 582 S.W.3d 455, 460 (Tex. App.—San Antonio 2018, no pet.). "But it does not waive the city's immunity from a claim that it violated the law." *Id.* "A suit to require government officials to comply with the law cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *Id.* (quotation marks omitted).

As pled, Alpha Securities' claims challenge the validity of Ordinance 27-007. However, liberally construed and considering Alpha Securities' intent, the pleadings also seek to establish that city officials, specifically the HRB and BOA, violated the law. To the extent Alpha Securities' claims challenge the validity of Ordinance 27-007, the UDJA waives the City's governmental immunity. *See Int'l Ass'n of Fire Fighters, Local 624*, 582 S.W.3d at 460. To the extent Alpha Securities intended to establish that the HRB and BOA violated the law, including its constitutional rights, the UDJA does not waive the City's governmental immunity. *See id.*

The City argues Alpha Securities already had an opportunity to replead, did replead, and failed to replead sufficiently. But when faced with a plea to the jurisdiction, a plaintiff may stand on the pleadings "unless and until a court determines that the plea is meritorious." *Tex. A&M Univ.*

*Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). If the trial court determines the plea is meritorious and the pleadings are deficient, the plaintiff must *then* be given a reasonable opportunity to amend the pleadings to cure the jurisdictional defects. *Id.* Although Alpha Securities' pleadings do not affirmatively show a waiver of governmental immunity as to its claims based on the HRB's and BOA's actions, the pleading defect is not incurable because those claims could be asserted against government actors in their official capacity. *See Int'l Ass'n of Fire Fighters, Local 624*, 582 S.W.3d at 460.

The City also argues Alpha Securities' challenges to Ordinance 27-007 under the UDJA lack merit. Addressing each challenge, the City argues the alleged constitutional deficiency has no basis in law, or is addressed by other laws and the ordinance itself. "In ruling on a defendant's plea to the jurisdiction, courts should decide the plea without delving into the merits of the case." *Farmers Tex. Cty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 241 (Tex. 2020) (quotation marks omitted). Because Alpha Securities' UDJA claims challenge the validity of an ordinance, governmental immunity does not deprive the trial court of subject matter jurisdiction. *See Int'l Ass'n of Fire Fighters, Local 624*, 582 S.W.3d at 460. Whether or not the ordinance is invalid or unconstitutional requires delving into the merits of the UDJA claims, which is impermissible when reviewing a plea to the jurisdiction. *See Beasley*, 598 S.W.3d at 241.

## CONCLUSION

We hold the trial court erred by granting the City's plea to the jurisdiction. We reverse the trial court's judgment and remand with instructions for the trial court to provide Alpha Securities an opportunity to replead any claims that city officials violated the law and to allege whether it timely filed its original petition.

Liza A. Rodriguez, Justice