Perry TEAGUE, Appellant,

v.

CITY OF JACKSBORO, Appellee.

No. 2–06–032–CV.

Court of Appeals of Texas,
Fort Worth.

March 30, 2006.

David E. Kelley, and Michael C. Tresidder, Fort Worth, for Appellant.

Bonnie Lee Goldstein, Dallas, Spiller & Spiller, David Spiller, Jacksboro, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This appeal is from the trial court's order granting appellee the City of Jacksboro's plea to the jurisdiction and dismissing the case filed by appellant Perry Teague pursuant to section 214.0012 of the local government code. TEX. LOC. GOV'T CODE ANN. § 214.0012 (Vernon Supp.2005). In two issues, Teague contends that the trial court erred by granting the City's plea to the jurisdiction because it is not a jurisdictional prerequisite to a cause of action under section 214.0012 that the plaintiff request the trial court to issue a writ of certiorari and because the constitutional issues Teague raised in his petition

invoked the trial court's jurisdiction under the residual clause of the state constitution. TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.008 (Vernon 2004). Because we determine that Teague's original petition invoked the trial court's subject matter jurisdiction, we reverse and remand.

## Background

Teague owns real property in Jacksboro, Texas. On December 13, 2005, the Jacksboro City Council approved an order requiring Teague to demolish the structure located on the property if Teague did not abate "all unhealthy and unsafe conditions" within thirty days. *See* TEX. LOC. GOV'T CODE ANN. § 214.001. Instead of complying with the City's order, Teague sued[1] the City in district court on January 12, 2006, seeking a declaratory judgment under section 37.004 of the civil practice and remedies code that (1) the City's conduct in issuing the December 13, 2005 order was "arbitrary, capricious, unconstitutional, unwarranted, void and not supported by the evidence," (2) the City's zoning ordinances as applied to the property are so undefined, vague, overbroad, and ambiguous that they are unconstitutional, and (3) the City's procedures in enforcing the zoning ordinances violate due process and equal protection. Teague also sought permanent and temporary injunctive relief prohibiting the City from enforcing its zoning ordinances against his property.[2] The district court issued a temporary restraining order (TRO) the same day Teague filed the petition and scheduled a hearing for January 18, 2006.

1. Teague's original petition was verified.

2. In the factual section of his original petition, Teague contended, among other things, that the City searched his property pursuant to an illegal warrant, that the City's order was

The day of the hearing, the City filed a plea to the jurisdiction, alleging that its governmental immunity had not been waived, and therefore the trial court had no subject matter jurisdiction over the case, because Teague had failed to comply with the sole statutory procedure for challenging the order; that is, he had not filed a sworn petition requesting that the trial court issue a writ of certiorari within thirty days after receiving a copy of the City's demolition order. *See* TEX. LOC. GOV'T CODE ANN. § 214.0012(a). On January 20, after the thirty-day period set forth in section 214.0012(a), Teague filed a request for writ of certiorari and a first amended petition seeking the same declaratory judgment and injunctive relief, but also asking that the trial court issue a writ of certiorari "directed to the City to review the order of the municipality and prescribe in the writ the time within which a return of the writ must be made." On January 26, 2006, the trial court granted the City's plea to the jurisdiction, dissolved the TRO, and dismissed the case.

In its order granting the plea to the jurisdiction and dismissing the case, the trial court found and concluded the following, in pertinent part:

3. Section 214.0012 of the Texas Local Government Code requires that a writ of certiorari be filed within 30 calendar days of the date the final decision is personally delivered or mailed first class mail, return receipt requested.

. . . .

6. The criteria set forth in Section 214.0012 of the Texas Local Govern-

based on unsworn testimony, and that he was not given an opportunity to call witnesses or cross-examine the City's witnesses and respond to the City's allegations about the property at the City Council meeting.

ment Code are jurisdictional prerequisites for obtaining review of an order of condemnation.

7. Compliance with Section 214.0012 is a statutory prerequisite to the waiver of governmental immunity under Chapter 214 of the Texas Local Government Code.

8. By failing to comply with the statutory prerequisites to establish jurisdiction, jurisdiction cannot lie as a matter of law.

9. The uncontroverted evidence demonstrated an incurable jurisdictional defect which deprives this Court of subject matter jurisdiction.

The trial court also awarded the City "its reasonable and necessary attorneys fees, costs and expenses" as well as the amount of the bond posted by Teague in obtaining the TRO.

### Standard of Review

■ Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed. *Id.* at 226.

■ We review the trial court's ruling on a plea to the jurisdiction based on immunity from suit under a de novo standard of review. *Id.* at 225–26, 228; *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex.2002). Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. Here, the facts regarding the dates of filing, and the contents of, Teague's petitions are undisputed; rather,

it is the effect of the pleadings that is disputed. Thus, we determine as a matter of law whether the undisputed facts establish jurisdiction.

■ When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.; Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We construe the pleadings liberally in favor of the pleader and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

### Analysis

In his first issue, Teague contends that his original petition conferred subject matter jurisdiction on the trial court and that his failure to timely request that the court issue a writ of certiorari is not a jurisdictional defect. The City contends that by failing to request in his original petition that the trial court grant a writ of certiorari, Teague failed to comply with the jurisdictional prerequisites of section 214.0012, which is mandatory in order for the City's governmental immunity to be waived. The City also contends that Teague's original petition did not invoke the trial court's subject matter jurisdiction under section 214.0012 because Teague requested only a declaratory judgment and injunctive relief; thus, the City contends that the petition could not function as a petition for writ of certiorari under section 214.0012.

■ In the absence of a waiver of governmental immunity, a trial court does not have subject matter jurisdiction over a suit against a governmental entity. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). When a trial court determines that it lacks jurisdiction to hear a case, it must dismiss the case without ren-

dering a judgment on the merits. *Freedman v. Univ. of Houston,* 110 S.W.3d 504, 507 (Tex.App.-Houston [1st Dist.] 2003, no pet.). A party may establish that a governmental entity has consented to suit by statute. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex. 2001). Consent must be expressed by "clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2005); *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex.2003). Thus, we must determine to what extent section 214.0012 waives the City's governmental immunity from suit.

Section 214.0012 of the local government code provides, in pertinent part, as follows:

> (a) Any owner, lienholder, or mortgagee of record of property jointly or severally aggrieved by an order of a municipality issued under Section 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition must be filed by an owner, lienholder, or mortgagee within 30 calendar days after the respective dates a copy of the final decision of the municipality is personally delivered or mailed to them by first class mail, certified return receipt requested, or such decision shall become final as to each of them upon the expiration of each such 30 calendar day period.

> (b) On the filing of the petition, the court may issue a writ of certiorari directed to the municipality to review the order of the municipality and shall prescribe in the writ the time within which a return on the writ must be made, which must be longer than 10 days, and served on the relator or the relator's attorney.

Tex. Loc. Gov't Code Ann. § 214.0012(a), (b).

The City contends that for its governmental immunity to be waived under section 214.0012, the statute requires Teague not only to file a verified petition stating the illegality of the City's decision within thirty days after receiving a copy of the City's order but also to request within that same thirty-day period that the trial court issue a writ of certiorari.

When a statute is clear and unambiguous, we "should give the statute its common meaning." *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997). When language in a statute is unambiguous, we will seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Id.; In re K.L.V.,* 109 S.W.3d 61, 65 (Tex. App.-Fort Worth 2003, pet. denied). We do not need to resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous. *St. Luke's Episcopal Hosp.,* 952 S.W.2d at 505; *Cail v. Serv. Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). When a statute fails to define a term, we apply and use its plain meaning. *See* Tex. Gov't Code Ann. § 312.002 (Vernon 2005) (instructing appellate court to use words' ordinary meanings). We should not adopt a construction that would render a law or provision meaningless. *Centurion Planning Corp. v. Seabrook Venture II,* 176 S.W.3d 498, 504 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

Although Teague's original petition was filed within the thirty-day period prescribed under the statute, it did not specifically ask the trial court to issue a writ of certiorari, nor did it mention section 214.0012. Instead, the petition seeks declaratory judgment relief under section 37.004 of the civil practice and remedies code and temporary and permanent injunctive relief from enforcement of the

City's zoning ordinances as applied to the property. But his request for temporary injunctive relief more specifically seeks relief from enforcement of the December 13, 2005 order of the city council.

The City contends that because the petition does not seek relief under section 214.0012 and because it does not expressly request that the trial court issue a writ of certiorari, it is not adequate to invoke the trial court's jurisdiction under section 214.0012. In determining whether Teague invoked the trial court's subject matter jurisdiction under this section, we are guided by cases interpreting the appeal of zoning board decisions and municipal sign board decisions, which involve virtually identical procedures. *See J.B. Adver., Inc. v. Sign Bd. of Appeals,* 883 S.W.2d 443, 446 (Tex.App.-Eastland 1994, writ denied) (holding that "zoning board cases are instructive in reviewing a sign board's decision"); *see also Martinez v. City of El Paso,* 169 S.W.3d 488, 492 (Tex.App.-El Paso 2005, pet. denied) (citing *J.B. Advertising* as authority for construction of section 214.0012).

■ The procedure for obtaining review of a city's order under section 214.001 of the local government code is by petition for writ of certiorari. *Martinez,* 169 S.W.3d at 492. Certiorari is a procedural mechanism by which a reviewing court can "demand of an inferior court or body that it send up the record of the proceedings in the matter under review in order that the legality thereof might be tested to determine whether the lower court or body had acted within its proper jurisdiction." *City of San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67, 69 (1945); *Tellez v. City of Socorro,* 164 S.W.3d 823, 829 (Tex. App.-El Paso 2005, pet. filed). "The writ of certiorari is the method by which the court conducts its review; its purpose is to require [the city] to forward to the court

the record of the particular ... decision being challenged." *Davis v. Zoning Bd. of Adjustment of La Porte,* 865 S.W.2d 941, 942 (Tex.1993) (describing function of writ of certiorari in appeals from zoning board decisions under section 211.011 of the local government code). If the trial court grants the petition for writ of certiorari, the city must submit to the court the record of its decision or "return," and the return "must concisely set forth other facts as may be pertinent and material to show the grounds of the decision appealed from." TEX. LOC. GOV'T CODE ANN. § 214.0012(c), (d); *see Bd. of Adjustment of Piney Point Vill. v. Solar,* 171 S.W.3d 251, 254 (Tex.App.-Houston [14th Dist.] 2005, pet. filed). Review is confined to the legality of the City's order. TEX. LOC. GOV'T CODE ANN. § 214.0012(a), (d), (f); *Boehme Bakery,* 190 S.W.2d at 70; *W. Tex. Water Refiners, Inc. v. S & B Beverage Co.,* 915 S.W.2d 623, 626 (Tex.App.-El Paso 1996, no writ).

■ Teague's original petition filed within the thirty-day window does not mention section 214.0012, nor does it request that the trial court issue a writ of certiorari. But it does seek injunctive and declaratory relief; specifically, it requests relief from enforcement of the City's zoning ordinances in general and the December 13, 2005 order. The supreme court has held that "an injunction proceeding" to restrain the maintenance of a large sign approved as a variance by the Corpus Christi Board of Adjustment was "in effect an appeal (by writ of certiorari) from the action of the Board of Adjustment." *Scott v. Bd. of Adjustment,* 405 S.W.2d 55, 56 (Tex.1966). Moreover, in determining the nature of a pleading, we are to look to its substance rather than its form. *E.g., State Bar of Tex. v. Heard,* 603 S.W.2d 829, 833 (Tex.1980); *Prostok v. Browning,* 112 S.W.3d 876, 915 (Tex.App.-Dallas 2003)

(op. on reh'g) ("[T]he true nature of a lawsuit is based on the facts alleged in the petition, the rights asserted, and the relief sought."), *rev'd in part on other grounds,* 165 S.W.3d 336 (Tex.2005); *Rush v. Barrios,* 56 S.W.3d 88, 93 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *see also Pearce v. City of Round Rock,* 992 S.W.2d 668, 669, 671–72 (Tex.App.-Austin 1999, pet. denied) (concluding that petition naming all of Development Review Board members in their official capacities, rather than the Board as an entity, was sufficient to invoke trial court's subject matter jurisdiction).

Here, it is clear that in his original petition, Teague sought relief from the City's December 13, 2005 demolition order on numerous grounds, including the illegality (by lack of due process) of the order as well as the unconstitutional application of the zoning ordinances to his property. Thus, we conclude that Teague's original petition, which was filed within the thirty-day period set forth in section 214.0012, fit the requirements of section 214.0012(a) by "setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality." TEX. LOC. GOV'T CODE ANN. § 214.0012(a).

The City next contends that Teague's original petition did not confer subject matter jurisdiction on the trial court because it did not request the issuance of a writ of certiorari within the thirty-day period.

In *Davis v. Zoning Board of Adjustment,* the supreme court held that a writ of certiorari is simply the method by which the trial court reviews a zoning board's decision; it has nothing to do with the trial court's subject matter jurisdiction. 865 S.W.2d at 942;[3] *Hagood v. City of Hous-*

*ton Zoning Bd. of Adjustment,* 982 S.W.2d 17, 18 (Tex.App.-Houston [1st Dist.] 1998, no pet.). A plaintiff may request the issuance of a writ of certiorari in an amended petition filed after the thirty-day period. *See Davis,* 865 S.W.2d at 942.

In *Davis,* the trial court granted the request for writ of certiorari that was in the plaintiffs' timely filed original petition and ordered the court clerk to issue the writ upon the plaintiffs' posting a bond. *Id.* The plaintiffs never posted the bond, so the writ was never served on the board of adjustment. *Id.* In addition, their second amended petition failed to include a request that the trial court issue a writ of certiorari. *Davis v. Zoning Bd. of Adjustment of La Porte,* 853 S.W.2d 650, 651 (Tex.App.-Houston [14th Dist.] 1993), *rev'd,* 865 S.W.2d 941, 942 (Tex.1993).

Approximately two years later, eleven days before trial, the board filed a plea in abatement complaining that it had not been served with the writ of certiorari. *Id.* The trial court granted the plea and gave the plaintiffs thirty days to amend their petition to again request the issuance of a writ. *Id.* Approximately four months after the plaintiffs filed an amended petition, the trial court dismissed the suit for lack of jurisdiction. *Id.* The court of appeals affirmed the trial court's decision, reasoning that the plaintiffs did not timely invoke the trial court's jurisdiction because they "failed to have the writ issued" within the ten-day period provided by the statute. *Id.* at 652. According to the court of appeals, "[a]ppeal of a board's decision under § 211.011 requires three procedural steps before jurisdiction is conferred on the district court: (1) the petition must be timely filed; (2) the writ of certiorari must

---

3. The City attempts to distinguish *Davis* because it involved a plea of abatement rather than a plea to the jurisdiction. *Id.* at 942.

But this distinction is irrelevant because *Davis* was decided on subject matter jurisdiction grounds and is squarely on point. *Id.*

be issued and served on the board; and (3) the board must make its return." *Id.*

The supreme court reversed and remanded to the trial court, concluding that "[t]he statute does not contain a specific time limit for issuance of the writ," only for the filing of a petition complaining about the illegality of the board's order. *Davis,* 865 S.W.2d at 942. Thus, the supreme court concluded that to invoke the trial court's subject matter jurisdiction under section 211.011, the plaintiffs need only have filed a petition challenging the action complained of within the time period set forth in the statute. *Id.*

▇▇▇▇▇ This interpretation of section 211.011 of the local government code comports with the plain language of section 214.0012(a), which requires only that a party "file . . . a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality" within the thirty-day time period. Tex. Loc. Gov't Code Ann. § 214.0012(a).[4] Thus, we conclude that in a suit under section 214.0012 challenging the legality of a municipality's order, a specific request for writ of certiorari is not necessary to invoke the trial court's subject matter jurisdiction, nor is such a request untimely if it is included in an amended petition filed after the thirty-day window. Whether the writ is requested and issued affects only whether there is a record for the trial court to review, not whether the trial court has jurisdiction over the cause of action. *See Davis,* 865 S.W.2d at 942; *Nussbaum v. City of Dal-*

*las,* 948 S.W.2d 305, 308 (Tex.App.-Dallas 1996, no writ).[5] Thus, Teague was not required to request issuance of a writ of certiorari in his original petition to invoke the trial court's subject matter jurisdiction under section 214.0012, and his subsequent request for writ of certiorari on January 20, 2006, was timely. *See Davis,* 865 S.W.2d at 942.

The City cites *Martinez v. City of El Paso* for support of its contention that Teague's request for issuance of a writ of certiorari was too late to invoke the trial court's subject matter jurisdiction. 169 S.W.3d at 492. In *Martinez,* the El Paso court of appeals held that by failing to request the issuance of a writ of certiorari, Martinez "failed to comply with the statutory prerequisite to establish jurisdiction." *Id.* We disagree with this statement. First, that holding in the opinion is dicta as the court had already determined that Martinez waived all of her issues because of inadequate briefing. *Id.* at 491. Additionally, the statement directly conflicts with the supreme court's holding in *Davis.*[6] Thus, we are not persuaded by the El Paso court's holding in *Martinez.*

Because we hold that Teague complied with the requirements of section 214.0012(a) necessary to invoke the trial court's subject matter jurisdiction, we conclude that the trial court erred by granting the City's plea to the jurisdiction. *See* Tex. Loc. Gov't Code Ann. § 214.0012(a); *Davis,* 865 S.W.2d at 942. We sustain

---

4. Once such a petition is timely filed, the trial court "may" issue a writ of certiorari. *Id.* § 214.0012(b).

5. If there is no record of the municipality's decision for the trial court to review, the court must presume that the municipality's decision is valid and supported by substantial evidence. *See Nussbaum,* 948 S.W.2d at 308.

6. Although the appeal in *Davis* was from a decision of a zoning board under local government code section 211.011, the statutory appeals procedures in sections 211.011 and 214.0012 are virtually identical.

Teague's first issue.[7]

## Conclusion

Having sustained Teague's first issue, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.[8]

---

**7.** Because Teague's first issue is dispositive, we need not address his second issue. *See* Tex.R.App. P. 47.1; *Tex. Mut. Ins. Co. v. Surety Bank, N.A.*, 156 S.W.3d 125, 131 n. 4 (Tex. App.-Fort Worth 2005, no pet.).

**8.** On February 8, 2006, in an original proceeding ancillary to this appeal, Number 02–06–00033–CV, we granted Teague's petition for writ of injunction and enjoined the City from enforcing the December 13, 2005 order during the pendency of this direct appeal. In accordance with our order, Teague filed a $1,000 cash bond. Because we have disposed of Teague's appeal, we dissolve the writ of injunction and order the clerk of this court to release the full amount of the bond to Teague, or if Teague did not personally file the bond, to the party who filed the bond on his behalf.