COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-156-CV

 

 

WICHITA
COUNTY AND WICHITA            APPELLANTS

COUNTY
COMMISSIONERS COURT

 

                                                      V.

 

DARYL LEE BONNIN                                                                APPELLEE

 

                                                  ------------

 

              FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                                  ------------

 

                                   OPINION
ON REHEARING

 

                                                  ------------

Upon consideration of
appellee Daryl Lee Bonnin=s motion for
rehearing, we deny the motion; however, we withdraw our opinion and judgment of
June 19, 2008, and substitute the following to make nondispositive
clarifications.

Introduction








This is a suit by a Wichita
County jailer seeking to enforce all the terms of a petition related to the
sheriff=s department employees= salaries after voters approved a ballot that included only portions
of the items in the petition.  Appellants
Wichita County and the Wichita County Commissioners Court appeal the trial
court=s grant of appellee=s motion for summary judgment and denial of appellants= motion for summary judgment in appellee=s declaratory judgment suit.  In
five issues, appellants argue that the trial court erred (1) by failing to make
a predicate finding that appellants abused their discretion before granting
appellee relief, (2) by deciding that the entire petition, including portions
not included on the ballot, should be implemented, (3) by construing section
152.072 of the local government code as authorizing a referendum on issues
other than a one-year minimum salary for each position in the department, (4)
by imposing obligations on appellants that would violate constitutional
prohibitions, and (5) by awarding attorney=s fees to appellee.  We reverse
the trial court=s summary
judgment in favor of appellee and render summary judgment in favor of
appellants; however, we remand the case to the trial court for a determination
on attorney=s fees.

Background Facts








In 2004, the Wichita County
Sheriff=s Department Employees Association (Association) circulated a petition
to increase the minimum salary of each sheriff=s department employee under local government code section
152.072.  See Tex. Loc. Gov=t Code Ann. ' 152.072
(Vernon 2008).  In addition to including
a proposed minimum salary, or Astart pay,@ for each
position within the sheriff=s department, the petition also included a proposed minimum annual
salary for one to six year veterans in each position (i.e., a minimum salary
based not only on the position but also on years of service within that
position) and increases in annual salary for each year in a position, up to six
years of service.[1]  In addition, the petition provided that each
sheriff=s department employee would be entitled to longevity pay in addition
to the proposed minimum salaries.

After collecting the required
signatures, the Association presented the petition to appellants, who opted to
call an election on the petition.  The
county judge and county clerk decided that the entire petitionCminimum start pay salaries for each position, minimum annual salaries
for years of service within each position, and longevity payCshould be listed on the ballot. 
However, the printer could not fit the entire petition on the
ballot.  Eventually, appellants decided
to submit the following language on the ballot:








Proposition:
Adoption of the Proposed minimum salaries for the Wichita County Sheriff=s
Department, as follows: Chief Deputy, $40,320; Captain, $36,000; Lieutenant, $33,408;
Patrol Sergeant, $30,792; Patrol Corporal, $28,500; Deputy, $26,700; Jail
Sergeant, $29,233.16; Administrative Assistant, $26,500; Records Supervisor,
$26,500; Head Nurse, $30,000; Nurse, $26,500; Finance Clerk, $26,500; Records
Clerk, $21,500; for members of the Sheriff=s Department at an annual
cost of $4,975,495.57, which may or may not cause an increase in the ad valorem
property tax. 

 

Thus, the ballot that was submitted to the voters
omitted the minimum annual salary increases based on years of service within
each position, as well as the longevity pay provision.[2]  The electorate voted in favor of the salary
increases.  After the election, a dispute
arose regarding whether appellants had to implement the entire petition,
including the items that had been omitted from the ballot, or only the start
pay minimum salaries for each position that were actually listed on the ballot
and voted on by the electorate. 
Appellants voted not to adopt all of the provisions of the petition and
instead adopted a Ahybrid plan.@  The hybrid plan set the salary
for all sheriff=s department
employees for the 2004-2005 year at either the start pay for each position as
specified in the ballot or the salary already established by the commissioners
court=s 2004-2005 budget, whichever was greater.








In February 2005, appellee, a
jailer with the sheriff=s
department, sued appellants, seeking a declaratory judgment that appellants had
to implement the entire petition under local government code section
152.072.  Appellants filed a plea to the
jurisdiction, which the trial court denied. 
This court affirmed the trial court=s order denying appellants= plea to the jurisdiction.  See
Wichita County v. Bonnin, 182 S.W.3d 415, 422 (Tex. App.CFort Worth 2005, pet. denied).

Thereafter, appellants filed
their original answer in the suit, and both parties filed motions for summary
judgment.  The trial court granted
appellee=s motion for summary judgment, denied appellants= motion for summary judgment, rendered a judgment declaring that
section 152.072 required appellants to implement all of the provisions of the
petition, and awarded appellee attorney=s fees.

Standard of Review

When both parties move for
summary judgment and the trial court grants one motion and denies the other,
the reviewing court should review both parties= summary judgment evidence and determine all questions presented.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  The reviewing
court should render the judgment that the trial court should have
rendered.  Id.








A plaintiff is entitled to
summary judgment on a cause of action if it conclusively proves all essential
elements of the claim.  See Tex.
R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986).  A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004); see Tex. R. Civ. P. 166a(b), (c).

When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Mason, 143
S.W.3d at 798.  Questions of law are
appropriate matters for summary judgment. 
Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999); Westchester Fire Ins. Co. v. Admiral Ins. Co., 152 S.W.3d 172,
178 (Tex. App.CFort Worth
2004, pet. denied) (op. on reh=g).

Authority of the
Commissioners Court








The Texas constitution
establishes the commissioners court as a county=s principal governing body. 
Tex. Const. art. V, ' 18; Comm=rs Court of Titus County v. Agan, 940
S.W.2d 77, 79 (Tex. 1997); Wichita County, 182 S.W.3d at 419B20.  The powers and duties of
the commissioners court includes aspects of legislative, executive,
administrative, and judicial functions.  Avery
v. Midland County, 390 U.S. 474, 482, 88 S. Ct. 1114, 1119 (1968); Agan,
940 S.W.2d at 79; Wichita County, 182 S.W.3d at 420.  In the exercise of its powers and
jurisdiction over county business, the commissioners court has implied
authority to exercise broad discretion to accomplish the purposes
intended.  Wichita County, 182
S.W.3d at 420.

The Texas constitution vests
appellate jurisdiction and general supervisory control over a county
commissioners court with the district court subject to such exceptions and
under such regulations as the law may prescribe.  Id.; see also Tex. Const. art. V, ' 8; Agan, 940 S.W.2d at 79. 
With a few narrow exceptions, the legislature has not prescribed
procedures for the district court=s exercise of this appellate jurisdiction or supervisory control.  Agan, 940 S.W.2d at 79; Wichita
County, 182 S.W.3d at 420.  The
enabling legislation empowering the district court repeats the constitution=s terms.  Tex. Gov=t Code Ann. ' 24.020
(Vernon 2004); Agan, 940 S.W.2d at 79; Wichita County, 182 S.W.3d
at 420.








Case law defines the scope of
the district court=s
jurisdiction.  Agan, 940 S.W.2d at
80; Wichita County, 182 S.W.3d at 420. 
A party can invoke the district court=s constitutional supervisory control over a commissioners court
judgment only when the commissioners court acts beyond its jurisdiction or
clearly abuses the discretion conferred upon the commissioners court by
law.  Agan, 940 S.W.2d at 80; Wichita
County, 182 S.W.3d at 420.

If the commissioners court
acts illegally, unreasonably, or arbitrarily, a district court may so
adjudge.  Agan, 940 S.W.2d at 80; Wichita
County, 182 S.W.3d at 420.  However,
in reviewing a commissioners court=s actions for abuse of discretion, the district court has no right to
substitute its judgment and discretion for that of the commissioners
court.  Agan, 940 S.W.2d at 80; Wichita
County, 182 S.W.3d at 420.  The
district court may order the commissioners court to exercise its discretion but
cannot tell the commissioners what decision to make.  Agan, 940 S.W.2d at 80; Wichita
County, 182 S.W.3d at 420.  Once the
commissioners court exercises its discretion, the district court may review the
order for abuse of discretion.  Agan, 940
S.W.2d at 80; Wichita County, 182 S.W.3d at 420.

Local Government Code Section
152.072

Section 152.072(a) of the
local government code authorizes the qualified voters of a county with a
population greater than 25,000 to Apetition the commissioners court of the county to increase the minimum
salary of each member of the sheriff=s department.@  Tex. Loc. Gov=t Code Ann. ' 152.072(a);
Wichita County, 182 S.W.3d at 417. 
The petition must








(1)
state the amount of the proposed minimum salary for each rank, pay grade, or
classification; 

 

(2)
state the effective date of the proposed salary increase; 

 

(3)
designate five qualified voters to act as a committee of petitioners authorized
to negotiate with the commissioners court under Subsection (g); and

 

(4)
be signed by a number of qualified voters equal to at least 25 percent of the
number of voters who voted in the most recent countywide election for county
officers.

 

Tex. Loc. Gov=t Code Ann. ' 152.072(b);
Wichita County, 182 S.W.3d at 417.

Once a petition has been filed, the commissioners
court shall either

(1)
adopt the proposed minimum salary stated in the petition;

 

(2)
offer an alternative minimum salary proposal under Subsection (g); or

 

(3) call an election on the
proposed minimum salary as provided by this section.








Tex. Loc. Gov=t Code Ann. ' 152.072(c);
Wichita County, 182 S.W.3d at 417. 
AIf the commissioners court chooses to call an election, the only issue
that may be submitted regarding the salaries of members of the sheriff=s department is whether the proposed minimum salary should be adopted.@  Tex. Loc. Gov=t Code Ann. ' 152.072(d);
Wichita County, 182 S.W.3d at 417B18.  If the commissioners court
opts to hold an election, it Ashall be held on the first authorized uniform election date under
Chapter 41, Election Code: (1) that occurs after the 65th day after
the date the petition was filed; and (2) on which an election is scheduled to
be held throughout the county for other purposes.@  Tex. Loc. Gov=t Code Ann. ' 152.072(d);
Wichita County, 182 S.W.3d at 417B18.  The ballot form for the
election shall be written as follows:

Adoption
of the proposed minimum salaries of __________ for members of the Sheriff=s
Department at an annual cost of         
, which may or may not cause an increase in the county ad valorem
tax.

 

Tex. Loc. Gov=t Code Ann. ' 152.072(e);
Wichita County, 182 S.W.3d at 418. 
AThe proposed salary for each rank, pay grade, or classification as
stated in the petition and the total annual cost of the increases must be
inserted in the blank spaces.@  Tex. Loc. Gov=t Code Ann. ' 152.072(e);
Wichita County, 182 S.W.3d at 418. 
If a majority of the votes cast at the election favor the adoption of
the proposed minimum salary, the minimum salary shall take effect on or before
the date specified in the petition as the effective date.  Tex. Loc. Gov=t Code Ann. ' 152.072(f);
Wichita County, 182 S.W.3d at 418.

Statutory Construction of
Section 152.072








In their second and third
issues, which we will address first because they are dispositive, appellants
argue that the trial court erred by declaring that appellants should implement
the additional provisions of the petition that were not included on the
abbreviated version of the petition used on the ballot (i.e., all matters other
than the start pay salaries for each position) and by determining that section
152.072 authorized a referendum on issues other than the proposed minimum
salary for each position within the sheriff=s department (i.e., each rank or classification of employee).  Appellee, however, contends that appellants
committed an illegal act by failing to implement the entire petition because
the voters were entitled to consider the petition as a wholeCnot just the minimum start pay salaries set forth on the ballotCand did so, and because the term Aminimum salary@ as used in
section 152.072 includes not just one minimum salary for each rank, grade, or
classification, but also step increases in minimum salary within each
rank, grade, or classification depending on years of service.

Applicable Law








This is an issue of first
impression requiring us to construe section 152.072 of the Texas Local
Government Code.  Statutory construction
is a legal question that we review de novo, ascertaining and giving effect to
the legislature=s intent as
expressed by the plain and common meaning of the statute=s words.  Tex. Gov=t Code Ann. ' 312.002
(Vernon 2005); F.F.P. Operating Partners, L.P. v. Duenez, 237 S.W.3d
680, 683 (Tex. 2007); Tex. Dep=t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004); In re C.A.P., Jr., 233
S.W.3d 896, 900 (Tex. App.CFort Worth 2007, no. pet.).  We
begin with the statute=s plain
language because we assume that the legislature tried to say what it meant and,
thus, that its words are the surest guide to its intent.  Fitzgerald v. Advanced Spine Fixation
Sys., Inc., 996 S.W.2d 864, 865B66 (Tex. 1999); C.A.P., 233 S.W.3d at 900.  In ascertaining legislative intent, we do not
confine our review to isolated statutory words, phrases, or clauses, but we
instead examine the entire act.  Meritor Auto., Inc. v. Ruan Leasing Co.,
44 S.W.3d 86, 90 (Tex. 2001); C.A.P., 233 S.W.3d at 900; Rodgers v.
Comm=n for Lawyer
Discipline, 151 S.W.3d 602, 614 (Tex. App.CFort Worth 2004, pet. denied). 
We may also consider, among other things, the statute=s objectives, common law, former law, similar provisions, and the
consequences of the statutory construction. 
Tex. Gov=t Code Ann. ' 311.023(1)B(7) (Vernon
2005); C.A.P., 233 S.W.3d at 900.

It is a well‑settled
rule of statutory construction that every word of a statute must be presumed to
have been used for a purpose.  See
Quick v. City of Austin, 7 S.W.3d 109, 123 (Tex. 1998); Laidlaw Waste
Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995); C.A.P., 233
S.W.3d at 900.  Likewise, every word
excluded from a statute must also be presumed to have been excluded for a
purpose.  Quick, 7 S.W.3d at 123; Laidlaw
Waste, 904 S.W.2d at 659; C.A.P., 233 S.W.3d at 900.








Further, it is well established
in Texas that when provisions of the same statute may be in conflict, courts
should harmonize them to give effect to both by assigning each a meaning that
will permit each to stand.  See Helena
Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); C.A.P., 233
S.W.3d at 900; Valero Transmission Co. v. Hays Consol. ISD, 704 S.W.2d
857, 864 (Tex. App.CAustin 1985,
writ ref=d n.r.e.).  A court should not
assign a meaning to a statutory provision that would be inconsistent with other
provisions of the same act, even though it might be susceptible to such a
construction standing alone.  See Tex.
Dep=t of Transp.
v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Clint
ISD v. Cash Invs., Inc., 970 S.W.2d 535, 539 (Tex. 1998); C.A.P., 233
S.W.3d at 900.  Further, when a general
statutory provision conflicts with a more specific provision, Athe provisions shall be construed, if possible, so that effect is
given to both.@  Tex. Gov=t Code Ann. ' 311.026(a)
(Vernon 2005); C.A.P., 233 S.W.3d at 900.  If the conflict between a general provision
and a more specific provision is irreconcilable, Athe special or local provision prevails as an exception to the general
provision, unless the general provision is the later enactment and the manifest
intent is that the general provision prevail.@  Tex. Gov=t Code Ann. ' 311.026(b);
City of Dallas v. Mitchell, 870 S.W.2d 21, 22 (Tex. 1994); C.A.P., 233
S.W.3d at 900.








When a statute is clear and
unambiguous, we Ashould give
the statute its common meaning.@  St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d
503, 505 (Tex. 1997); Teague v. City of Jacksboro, 190 S.W.3d 813, 817
(Tex. App.CFort Worth
2006, pet. denied).  When language in a
statute is unambiguous, we will seek the intent of the legislature as found in
the plain and common meaning of the words and terms used.  Agbor, 952 S.W.2d at 505; Teague,
190 S.W.3d at 817.  We are to interpret
words and phrases in context and construe them according to rules of grammar
and common usage.  Tex. Gov=t Code Ann. ' 311.011
(Vernon 2005).  We do not need to resort
to rules of construction or extrinsic aids to construe a statute that is clear
and unambiguous.  Agbor, 952
S.W.2d at 505; Cail v. Serv. Motors, Inc., 660 S.W.2d 814, 815 (Tex.
1983); Teague, 190 S.W.3d at 817. 
When a statute fails to define a term, we apply and use its plain
meaning.  Tex. Gov=t Code Ann. ' 312.002
(instructing appellate court to use words= ordinary meanings); Teague, 190 S.W.3d at 817.  We should not adopt a construction that would
render a law or provision meaningless.  Teague,
190 S.W.3d at 817.

Analysis








Appellants contend that
section 152.072 allows voters to consider only the issue of whether one
proposed minimum salary for each position within the department should be
adopted.  Appellee argues that the Aproposed minimum salary@ language of the statute does not limit what can be submitted to the
voters to one proposed minimum salary for each position and, furthermore, does
not prohibit additional issues other than a proposed minimum salary from being
considered.  Additionally, on rehearing,
appellee urges this court to construe the term Aproposed minimum salary@ as used in the statute to mean not only a minimum salary for each
position within the department (i.e., the start pay listed for each position in
the petition) but also increased annual minimum salaries within each position
based on years of service (i.e., in the terms used in the statute, proposed minimum
salaries within each rank, grade, or classification).[3]








As previously set forth,
subsection (d) provides that Aif the commissioners court chooses to call an election, the only
issue that may be submitted regarding the salaries . . . of the
sheriff=s department is whether the proposed minimum salary should be
adopted.@  Tex. Loc. Gov=t Code Ann. ' 152.072(d)
(emphasis added).  Here, the plain
language of the statute provides that Athe only issue@ that the
voters can consider is Awhether the
proposed minimum salary should be adopted.@  Id.  If the legislature had intended for other
issues regarding the salaries of members of the sheriff=s department to be determined by the voters of the county, it could
have expressly designated those issues in the statute.  However, in this case, the legislature
decided that the only issue that could be submitted to the voters of Wichita
County was whether the proposed minimum salary should be adopted.

Moreover, section 152.072(e)
sets forth the precise language that must be used on the ballot.  Id. ' 152.072(e) (requiring ballot to be printed to provide for voting for
or against the proposition as follows: AAdoption of the proposed minimum salaries of __________ for members of
the Sheriff=s Department
at an annual cost of __________, which may or may not cause an increase in the
county ad valorem tax.@).  This language refers only to the adoption of
a proposed minimum salary.  By providing
exact ballot language, the statute implicitly excludes other issues from being
submitted on the ballot.  See id.;
Mid-Century Ins. Co. of Tex. v. Kidd, 997 S.W.2d 265, 273 (Tex. 1999)
(explaining doctrine of expressio unius est exclusio alterius, the maxim
of one implies the exclusion of others). 
Thus, our interpretation of section 152.072 is consistent with the
limitations of the statute.








Appellee, however, argues
that the language of the statute as a whole does not impose such
limitations.  For example, subsection (b)
states, AA petition under this section must . . . ,A and then it lists the requirements for a valid petition.  Tex. Loc. Gov=t Code Ann. ' 152.072(b).  Appellee contends that the term Amust@ in
subsection (b) creates a condition precedent, thereby allowing other provisions
to be included in the petition as long as the specified requirements in
subsection (b) are met.  Thus, according
to appellee, so long as the petition includes the required items in subsection
(b), all items included in the petition and voted on by the electorate must be
implemented by the commissioner=s court in accordance with subsection (f).  But this argument is inconsistent with the
other plain language of the statute we have noted above, which specifies that
the only salary-related issue that may be submitted to the voters is whether
the proposed minimum salary for each rank, grade, or classification should be
adopted.  Id. ' 152.072(d).








Additionally, appellee argues
that section 152.072 conflicts with section 152.011, which states that the Acommissioners court of a county shall set the amount of the
compensation . . . for county employees.@  Id. ' 152.011 (Vernon 2008).  According
to appellee, because section 152.072 grants the public Aa right to get involved@ in setting salaries for sheriff=s department employees, Acontrol over salaries of sheriff=s department employees can be taken out of the hands of the
commissioner=s court.@  Applying the principles of
statutory construction to section 152.072 as a whole, we conclude that section
152.011 can be harmonized with section 152.072 to give effect to all sections.  While section 152.072 appears to be in
conflict with section 152.011 because section 152.011 vests the commissioners
court with the responsibility of establishing county employees= salaries, section 152.072 merely provides voters with the ability to
petition for, and vote on, a narrow issue with respect to sheriff=s department employees= salariesCwhether
there should be an increase in the proposed minimum salary for each rank,
grade, or classification that has already been set by the commissioners
court.  See Tex. Gov=t Code Ann. ' 311.026
(stating that provisions shall be construed, if possible, so that effect is
given to both).  Indeed, section
152.072(c)B(d)
preserves the discretion of the commissioners court regarding the salary issue,
providing that it is up to that body to decide whether to implement such a
petition, offer an alternative to the petition, or call an election on the
proposed minimum salary in the petition. 
Tex. Loc. Gov=t Code Ann. ' 152.072(c)B(d).








After interpreting section
152.072 in accordance with well-established principles of statutory
construction and giving full effect to the extent possible to all sections, we
conclude and hold that the language of section 152.072(d) mandates that the
only issue that may be submitted to voters regarding the salaries of employees
of the sheriff=s department
is whether the proposed minimum salary for each rank, grade, or classification
should be adopted, precluding the submission of any other salary-related issue
to the voters.  Tex. Loc. Gov=t Code Ann. ' 152.072(d).

We also disagree with
appellee=s proposed interpretation of the meaning of Aproposed minimum salary@ as used in section 152.072. 
Throughout section 152.072, the term Aproposed minimum salary@ is used as opposed to Aproposed minimum salaries.@  The only exception to this
usage is in subsection (e) regarding the ballot format; because this language
is meant to include a list of proposed minimum salaries for each position
included in the applicable petition, it makes sense that Asalaries@ should be
in the plural in this subsection. 
However, we conclude that the legislature=s use of the singular, Aproposed minimum salary for each rank, grade, or classification@ is significant.








According to appellee=s construction, Aproposed
minimum salary@ can include
an annual minimum salary based not only on position, but also years of service
within a position, because section 152.072 provides for a mechanism to Aincrease the minimum salary of each member of the sheriff=s department.@  Id. '  152.072(a).  Appellee
contends that this means the minimum salary can be different for each employee
within a position based on years of service. 
But because of the legislature=s careful use of the singular term, Aproposed minimum salary,@ and its use of the connector Aor@ between
rank, grade, or classification, we conclude that the more correct
interpretation is that the legislature intended only for there to be one
proposed minimum salary, a floor, within each position for which a minimum
salary is proposed, i.e., one minimum salary for each member of the sheriff=s department within each rank, grade, or classification.  This may not increase each sheriff=s department employee=s minimum salary from what the employee had previously been earning
(because the commissioners court, in its discretion, may have set that employee=s salary higher than the existing minimum pay for that position), but
it will provide an increased minimum salary, or floor, for that position below
which that employee=s salary
cannot fall.  We conclude and hold that
this interpretation of Aproposed
minimum salary@ most
accurately construes the legislature=s intention in enacting section 152.072.








Moreover, we further conclude
that the term Aproposed
minimum salary@ does not
include longevity pay that is either statutorily authorized or mandated or
which the commissioners court decides, in its discretion, to provide.  Section 152.074 of the local government code
provides some guidance.  It provides that
in a county of 150,000 or more, the commissioners court shall provide each
commissioned deputy of the sheriff=s department with longevity pay Ain addition to the deputy=s regular compensation.@  Id. '  152.074(a).  This is some
indication that the legislature considers such longevity pay to be in addition
to regular compensation and, therefore, in addition to a proposed minimum
salary.  Accordingly, we conclude and
hold that the term, Aproposed
minimum salary for each rank, pay grade, or classification,@ as used in section 152.072 does not include any component of salary
other than one minimum salary, excluding additional longevity pay, for each
classification of employee within the department.

Here, the Association=s petition proposed a minimum salary for each member of the sheriff=s department based on years of service within each position.  While section 152.072 provides voters with
the ability to establish one minimum salary that is guaranteed to members of
the sheriff=s department
within each position, the statute does not enable voters to create yearly
automatic salary increases under the guise of minimum salaries within each
rank, pay grade, or classification based on years of service.








Because the only issue that
the voters of a county are authorized to consider under section 152.072 is
whether the proposed minimum salary should be adopted and because the proposed
minium salary does not include varying minimum salaries based on years of
service within a single position or longevity pay, we hold that appellants did
not abuse their discretion in refusing to implement provisions of the petition
not authorized by section 152.072.[4]  Thus, we further hold that the trial court
erred in granting appellee=s motion for summary judgment, denying appellants= motion for summary judgment, and entering a declaratory judgment that
appellants implement the additional provisions contained in the petition.  Therefore, we sustain appellants= second and third issues.  In
light of our decision as to issues two and three, we need not address
appellants= first or
fourth issues.  See Tex. R. App.
P. 47.1; Nat=l Sports
& Spirit, Inc. v. Univ. of N. Tex., 117 S.W.3d
76, 84 (Tex. App.CFort Worth
2003, no pet.).

Attorney=s Fees








In their fifth issue,
appellants claim that the trial court erred by awarding attorney=s fees to appellee.  Because we
have determined that the trial court erred by rendering a declaratory judgment
for appellee, we reverse the trial court=s award of trial and appellate attorney=s fees to appellee and remand this issue to the trial court to
reconsider the parties= claims for
attorney=s fees.[5]  See Tex. Civ. Prac. & Rem. Code
Ann. ' 37.009 (Vernon 1997); Allstate Ins. Co. v. Hallman, 159 S.W.3d
640, 643 (Tex. 2005); Ayers v. Mitchell, 167 S.W.3d 924, 932 (Tex. App.CTexarkana 2005, no pet.).

Conclusion

Having sustained appellants= two dispositive issues, we
reverse the summary judgment in favor of appellee and render summary judgment
in favor of appellants.  We reverse the
award of attorney=s
fees to appellee and remand that issue to the trial court to reconsider the
parties=
claims for attorney=s
fees.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:  October 2, 2008

 

 

 

 











 
 
 
 
 




                                                       Exhibit
AA@

 











[1]For
example, a captain had a proposed minimum salary of $36,000; after one year of
service, a captain had a proposed minimum salary of $37,260.  Each year a captain=s
minimum salary would increase.  A copy of
the part of the petition listing the minimum salaries and annual increases for
each position is attached to this opinion as Exhibit AA.@





[2]Before
the election, County Judge Woodrow W. Gossom issued a Statement to the Public
explaining that the petition may exceed the scope of the law, that the
Secretary of State provided guidance to the commissioners court regarding the
wording of the ballot, and that adoption of the proposals in the petition may
increase county taxes.





[3]In
his motion for rehearing, appellee also disagrees with this court=s
determination that Astep
salary increases that apply over several years@ are
not included within the term Aproposed minimum salary@;
however, for purposes of rehearing, appellee asks this court Ato
consider the petition=s
minimum proposed salaries determined by position and years of service.@





[4]In
his motion for rehearing, appellee cites In re Link, 45 S.W.3d 149 (Tex.
App.CTyler
2000, no pet.), Arenas v. Bd. of Comm=rs of
the City of McAllen, 841 S.W.2d 957 (Tex. App.CCorpus
Christi 1992, no writ), and In re Balsamo, No. 09-99-00442-CV, 1999 WL
777693 (Tex. App.CBeaumont
Sept. 24, 1999, no pet.) (not designated for publication), for the proposition
that appellants were required to submit the entire petition on the ballot and
had no discretion to limit what appeared on the ballot.  But these cases involve county commissioners= and
cities=
refusing to call elections on petitions based upon determinations by the commissioners
and cities that the petitions contained invalid items.  Link, 45 S.W.3d at 151; Arenas,
841 S.W.2d at 958B59; Balsamo,
1999 WL 777693, at *1.  Here, appellants
agreed to hold an election on the petition; appellee failed to bring a
pre-election petition for writ of mandamus challenging the form of the ballot
to be submitted to the voters.  Thus, the
cases cited by appellee are distinguishable.





[5]Whether
to award attorney=s
fees, and in what amount, is a discretionary matter for the trial court, with
few restrictions.  See Bocquet v.
Herring, 972 S.W.2d 19, 20 (Tex. 1998); NP Anderson Cotton Exch., L.P.
v. Potter, 230 S.W.3d 457, 466 (Tex. App.CFort
Worth 2007, no pet.).  Under the Texas
Declaratory Judgment Act, a court Amay award attorney=s
fees as are equitable and just.@  Tex. Civ. Prac. & Rem. Code Ann. '
37.009 (Vernon 1997); NP Anderson, 230 S.W.3d at 466.